UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VALENCIA COX,                                                                                                          Plaintiff,

v.                                                         Civil Action No. 3:20-cv-178-DJH

CARLOS VIEYRA *et al.*,                                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Valencia Cox filed the instant *pro se* action and paid the filing fee. Defendants Louisville Metro Police Department (LMPD) Officers Michael Bogan and Aubrey Gregory filed motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Nos. 9 and 11). Plaintiff filed responses to the motions (DNs 10 and 13), Defendants Bogan and Gregory filed replies (DNs 12 and 16), and the motions are therefore ripe for consideration. For the reasons stated below, the motions will be granted.

**I.**

Plaintiff filed the complaint on the Court-approved complaint form for filing a civil case.[1] In the complaint form, Plaintiff indicates that the basis for this Court's jurisdiction is federal-question jurisdiction. Attached to the complaint form is a page containing the following paragraph:

> Due to the fact that agents of the Municipal City of Louisville and the Commonwealth of Kentucky have violated the State and Federal constitution, which they are bound thereby, this Tort claim is being filed against them. The Municipal agent of the [LMPD] i.e. Carlos Vieyra unlawfully kidnapped and arrested me. All responding S.W.A.T. officers to #19F002781 are employed by the [LMPD]. All names listed as Defendants are either agents of the [LMPD], and/or the Municipal City of Louisville, and/or the Commonwealth of Kentucky.

---

[1] In addition to Defendants Bogan and Gregory, Plaintiff sues Carlos Vieyra, Steve Conrad, the Commonwealth of Kentucky, and "All responding S.W.A.T. officer to case # 19F002781."

Michael Bogan is the Commander of the sixth Division in which Carlos Vieyra works in. He has direct command over Carlos [V]ieyra. Steve Conrad is employed by the [LMPD] as Chief of Police. He is in Command of Michael Bo[]gan, Carlos Vieyra, Aubrey Gregory and all responding S.W.A.T[.] officers to call number 19F002781.

Also attached to the complaint form is an "Affidavit of Claim" signed by Plaintiff. The statements therein making reference to Defendants Bogan and Gregory are as follows:

- "Count Four (4) Perjury (18 USC § 1621). Carlos Vieyra, Steve Conrad, Aubrey Gregory and Michael Bogan Swore an Oath to uphold the constitution."

- "Count Five (5) Conspiracy against rights (18 USC § 241). Carlos Vieyra, Steve Conrad, Michael Bogan, Aubrey Gregory, and multiple members of [LMPD] S.W.A.T[.] team conspired to injure, oppress, threaten, or intimidate me in the free exercise or enjoyment of my right and privilege secured by the constitution."

- "Count six (6) Deprivation of rights under color of law (18 USC § 242) on March 7th, 2019 Carlos Vieyra, Steve Conrad, Michael Bogan, Aubrey Gregory, and multiple members of [LMPD] S.W.A.T[.] team under the color of law, willfully subjected me to the deprivation of my rights secured and protected by the constitution, and to different punishments and penalties by reason of her color, race than are prescribed for the punishment of citizens."

- "Count Nine (9) Intimidation (42 USC § 3617) On [M]arch 7th, 2019 with the threat of deadly weapons, Carlos Vieyra, Steve Conrad, Michael Bogan, Aubrey Gregory, and multiple members of [LMPD] S.W.A.T[.] team intimidated, threatened and interfered with me in the exercise and enjoyments of my right to be free from unlawful searches and seizures secured by the 4th Amendment."

In his motion to dismiss, Defendant Bogan argues that the only factual allegation made against him is that he was Defendant Vieyra's supervising officer and that a supervisor cannot be held liable for his subordinate's conduct based only on a *respondeat superior* theory.  In his motion, Defendant Gregory argues that the complaint "contains zero factual allegations about how [Plaintiff] claims Gregory was involved in causing her injuries."  Both Defendants argue that, to the extent that Plaintiff is suing them in their official capacity, any claims fail because Plaintiff has failed to allege facts to establish municipal liability.

In response to both motions to dismiss (DNs 10 and 13), Plaintiff argues that Defendants failed to file an answer to the complaint, which violates the Administrative Procedures Act and Fed. R. Civ. P. 8.  She takes issue with some of the verbiage used in the motions and disputes Defendants' argument that some of the federal statutes Plaintiff relies on are irrelevant.

Moreover, in response to Defendant Bogan's motion, Plaintiff states the following:

> Michael Bogan is currently assigned as the Commander of the Sixth Division. This authority gives him direct command of the entire division.  Defendant Michael Bogan does not only have a supervisory role over the sixth division, he is in direct command.  Every employee of the Sixth Division shall answer and obey his commands.  It would be an insult to this court's competence for counsel for defendant Michael Bogan to assert that by being commander of the Sixth Division, Michael Bogan doesn't command its employees.

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In addition, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.

#### *A. 42 U.S.C. § 1983*

A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). In order to state a claim under § 1983, "[a] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

At the outset, the Court turns to Plaintiff's argument that Defendants failed to file an answer to the complaint. A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, Defendants' motions are brought properly.

Federal Rule of Civil Procedure 8(a) requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)).

Upon review of the complaint and Plaintiff's responses to the motions to dismiss, the Court finds Plaintiff's allegations against Defendants Bogan and Gregory do not show personal involvement on their part to satisfy the pleading standards of Rule 8. The complaint consists mainly of broad and conclusory allegations which are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). Plaintiff's allegation that Defendants "under the color of law, willfully subjected me to the deprivation of my rights secured and protected by the constitution, and to different

punishments and penalties by reason of her color, race than are prescribed for the punishment of citizens[]" is wholly conclusory and not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's allegations do not contain sufficient factual enhancement to rise above the speculative level.

Further, Plaintiff states that Defendants Bogan and Gregory, along with others, "conspired to injure, oppress, threaten, or intimidate me in the free exercise or enjoyment of my right and privilege secured by the constitution." However, in order to state a claim of conspiracy, a plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive the plaintiff of his or her constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). The complaint contains no facts that would allow the Court to draw a reasonable inference that Defendants engaged in a conspiracy to violate her constitutional rights. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005).

The Court finds that the only specific factual statement concerning either Defendant Bogan or Gregory is her allegation that Defendant Bogan is the supervising officer of Defendant Vieyra. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has failed to allege any facts showing that Defendant Bogan was personally involved in the alleged incident or that he implicitly authorized, approved, or acquiesced in the alleged violation of her rights.

Moreover, while Plaintiff does not identify in what capacities she sues Defendants, claims against Defendant Bogan and Gregory in their official capacities would actually be brought against their employer, Louisville Metro Government. *See Monell*, 436 U.S. at 690 n.55; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action was taken based on a policy or custom of Louisville Metro Government. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Therefore, any claim against Defendants in their official capacities must be dismissed.

For these reasons, Plaintiff fails to state a claim under § 1983 against Defendant Bogan or Gregory, and the motions to dismiss by these Defendants will be granted with respect to the § 1983 claims.

### B. *Other federal statutes*

The other statutes cited by Plaintiff in reference to Defendants Bogan and Gregory are 18 U.S.C. §§ 241, 242, and 1621 and 42 U.S.C. § 3617. Sections 241, 242, and 1621 of Chapter 18 of the United States Code are criminal statutes. Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp.

1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot bring criminal charges in this Court against anyone.

Moreover, the other statute cited by Plaintiff in her claims against Defendant Bogan and Gregory, 42 U.S.C. § 3617, is a statute under the Fair Housing Act and has no applicability to the facts alleged in the complaint.

Therefore, Plaintiff's claims under the other statutes cited likewise fail to state a claim upon which relief may be granted and must be dismissed.

## IV.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motions to dismiss by Defendants Bogan and Gregory (DNs 9 and 11) are **GRANTED**.

The Clerk of Court is **directed to terminate** Defendants Bogan and Gregory as parties to the action.

Date: March 2, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4415.010

9