UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VALENCIA COX,                                                                            Plaintiff,

v.                                                           Civil Action No. 3:20-cv-178-DJH

CARLOS VIEYRA *et al.*,                                                              Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Valencia Cox filed the instant *pro se* action and paid the filing fee.  Defendant

Commonwealth of Kentucky ("Commonwealth") filed a motion to dismiss for failure to state a

claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 14).

Plaintiff filed a response to the motion (DN 17), Defendant Commonwealth filed a reply

(DN 18), and Plaintiff filed a sur-reply (DN 19).  The motion is therefore ripe for consideration.

For the reasons stated below, the motion will be granted.

**I.**

Plaintiff filed the complaint on the Court-approved complaint form for filing a civil case.[1]

In the complaint form, Plaintiff indicates that the basis for this Court's jurisdiction is federal-

question jurisdiction.  Attached to the complaint form is a page containing the following

paragraph:

> Due to the fact that agents of the Municipal City of Louisville and the
> Commonwealth of Kentucky have violated the State and Federal constitution,
> which they are bound thereby, this Tort claim is being filed against them.  The
> Municipal agent of the Louisville Metro Police Department i.e. Carlos Vieyra
> unlawfully kidnapped and arrested me.  All responding S.W.A.T. officers to
> #19F002781 are employed by the Louisville Metro Police Department.  All names

---

[1] In addition to Defendant Commonwealth, Plaintiff sues Louisville Metro Police Department personnel Carlos
Vieyra, Michael Bogan, Steve Conrad, Aubrey Gregory, and "All responding S.W.A.T. officers to case #
19F002781."

listed as Defendants are either agents of the Louisville Metro Police Department, and/or the Municipal City of Louisville, and/or the Commonwealth of Kentucky. Michael Bogan is the Commander of the sixth Division in which Carlos Vieyra works in.   He has direct command over Carlos [V]ieyra.   Steve Conrad is employed by the Louisville Metro Police Department as Chief of Police.  He is in Command of Michael Bo[]gan, Carlos Vieyra, Aubrey Gregory and all responding S.W.A.T[.] officers to call number 19F002781.

Also attached to the complaint form is an "Affidavit of Claim" signed by Plaintiff.  The only reference to Defendant Commonwealth in the affidavit is Plaintiff's statement, "Comes forth Valencia Marie Cox with claims against the Commonwealth of Kentucky, Carlos Vieyra, Michael Bogan, Steve Conrad, Aubrey Gregory and all responding Louisville Metro Police Department S.W.A.T. team members in regards to case #19F002781."  Thereafter, Plaintiff enumerates ten legal claims against various Defendants, but she does not allege any of the claims against Defendant Commonwealth.  As relief, Plaintiff seeks monetary damages.

In its motion to dismiss, Defendant Commonwealth argues that the Eleventh Amendment bars this suit in federal court.  It also maintains that the complaint does not include any allegations that state a plausible claim against it.

In response to Defendant Commonwealth's motion to dismiss (DN 17), Plaintiff argues that it failed to file an answer to the complaint, which violates the Administrative Procedures Act and Fed. R. Civ. P. 8.  She also disputes that the Commonwealth is immune from suit and states, "Congress authorizes actions against state agencies or officials by claims for monetary damages by injured parties."

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A]

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.

The Court initially addresses Plaintiff's argument that Defendant Commonwealth failed to file an answer to the complaint. A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, the Commonwealth properly filed this motion before filing an answer.

Moreover, Plaintiff alleges Defendant Commonwealth violated the federal and state constitutions. A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). In order to state a claim under § 1983, "[a] plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit brought directly against the state. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The Eleventh Amendment therefore bars all § 1983 claims against the Commonwealth, and the claims must be dismissed.

With regard to a state constitutional claim, "Kentucky case law indicates that, absent a specific waiver, the Commonwealth and its departments are immune from constitutional suits under Section 231 of the Kentucky Constitution." *Buckner v. Kentucky*, No. 3:10-36-DCR, 2011 U.S. Dist. LEXIS 18476, at *7 (E.D. Ky. Feb. 24, 2011) (citing *Clevinger v. Bd. of Educ.*, 789 S.W.2d 5, 11 (Ky. 1990); *Wood v. Bd. of Educ.*, 412 S.W.2d 877, 879 (Ky. 1967)). Plaintiff does not allege which section of the Kentucky Constitution Defendant Commonwealth allegedly

violated, nor has she "identified any statute that waives sovereign immunity as to such violations." *See id*.  The Commonwealth is therefore entitled to sovereign immunity from any state constitutional claim, as well.

**IV.**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss by Defendant Commonwealth of Kentucky (DN 14) is **GRANTED**.

The Clerk of Court is **directed to terminate** Defendant Commonwealth of Kentucky as a party to the action.

Date:   March 3, 2021

David J. Hale, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4415.010